COPY
ORIGINAL FILED

MAR 17 2017

SPOKANE COUNTY CLERK

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

| | |
|---|---|
| ADNAN S. AMIN, a married person; OSAMA B. NASEER, a married person; and NASEER AND AMIN PLLC, a Washington professional limited liability company;<br><br>Plaintiffs,<br><br>v.<br><br>CASCADE HEALTH SERVICES, PLLC, a Washington professional limited liability company; OMEAR KHALID and MURIUM KHALID, husband and wife; ANDREW Z. LEBWOHL and JANE DOE LEBWOHL, husband and wife; and JOHN DOES NOS. 1-10;<br><br>Defendants. | NO. 17201012-4<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs Adnan S. Amin, Osama B. Naseer, and Naseer and Amin PLLC, by and through their undersigned attorneys, allege as follows:

## **PARTIES**

1.  Plaintiff Adnan S. Amin is a married person residing in Spokane County, Washington. Plaintiff Amin is a board-certified psychiatrist and medical doctor.

COMPLAINT AND JURY DEMAND - 1

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

2.      Plaintiff Osama B. Naseer is a married person residing in Fargo (Cass County), North Dakota. Plaintiff Naseer is a family practice medical doctor licensed by the State of North Dakota.

3.      Plaintiff Naseer and Amin PLLC ("N&A, PLLC") is a professional limited liability company organized under the laws of the State of Washington. At all times material hereto, Plaintiffs Amin and Naseer were the sole members and managers of Plaintiff N&A, PLLC.

4.      Defendant Cascade Health Services, PLLC ("Cascade Health") is a professional limited liability company organized under the laws of the State of Washington.

5.      Defendants Omear Khalid and Murium Khalid are believed to be a married couple residing in West New York (Hudson County), New Jersey. At all times material hereto, Defendant Omear Khalid was a member, manager, agent, and/or principal of Defendant Cascade Health. All actions taken by Defendant Omear Khalid relevant to these proceedings were undertaken and performed for the benefit of his marital community.

6.      Defendants Andrew Z. Lebwohl and Jane Doe Lebwohl are believed to be a married couple residing in New York City (New York County), New York. At all times material hereto, Defendant Lebwohl was a member, manager, agent, and/or

COMPLAINT AND JURY DEMAND - 2

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

principal of Defendant Cascade Health. All actions undertaken by Defendant Lebwohl were undertaken and performed for the benefit of his marital community.

7.     Asif R. Malik is believed to be a married person residing in Spokane County, Washington. At all times material hereto, Malik was a member, manager, agent, and/or principal of Defendant Cascade Health. Malik is a board-certified psychiatrist and medical doctor. On February 24, 2017, Malik filed for Chapter 11 bankruptcy protection under United States Bankruptcy Court for the Eastern District of Washington Case No. 17-515, In re: Malik and Khan. As such, 11 U.S.C. § 362(a) is applicable, relating to the commencement of judicial proceedings against Malik. Thus, although Malik is joinable under CR 19(a), Malik is not joined as a defendant or named as a party to these proceedings at this time.

8.     The alleged causes of action herein arise out of conduct occurring in Spokane County, Washington, as well as written and oral contracts entered into and/or performed in Spokane County, Washington.

9.     Jurisdiction and venue are proper in this Court pursuant to RCW 2.08.010, RCW 4.12.020, and RCW 4.28.185.

## FACTS

10.     Malik befriended Plaintiff Amin while they were medical school classmates, cultivated that friendship during their residencies in Fargo, North Dakota, and eventually encouraged Plaintiff Amin to move to Spokane, Washington.

COMPLAINT AND JURY DEMAND - 3

DUNN & BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

11.     In approximately 2013, Malik introduced his sister's son, Defendant Omear Khalid to Plaintiff Amin.  Malik and Defendant Khalid represented and asserted to Plaintiff Amin that Defendant Khalid worked for Goldman Sachs as a licensed broker in New York with significant experience in finance and management.

12.     In a series of emails and telephone calls during the spring of 2013, Malik and Defendant Khalid began to solicit investment monies from Plaintiff Amin.

13.     On or about March 13, 2013, Malik and Defendant Khalid provided to Plaintiff Amin a written "Investment Proposal" prepared by Defendant Khalid, expressly representing that:

 a.  *"[O]ur 'Hybrid Private Equity Model' …is an innovative strategy for allowing qualified investors to enjoy the similar returns experienced by some of the most exclusive alternative asset managers working today – at a fraction of the normal buy-in, and with significantly <u>increased certainty</u>& (sic) downside protection."*

 b.  *"[W]e not only maintain a sound operational model that minimizes acquisition risk, but we ensure superior results &on-time (sic) amortization of investor capital."*

 c.  *"[W]e are conservatively targeting returns of 15 to 20% per year."*

14.     Malik and Defendant Khalid emphasized to Plaintiff Amin that *"our primary **value drivers** will be our **superior financial** and **operational management***" and assured Amin that their *"past experience and high level training will translate to a management style that will generate superior results."*

DUNN&BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

15.    Fortunately for Plaintiff Amin, certain financial and family considerations prevented him from investing with Malik and Defendant Khalid at that time.  However, Malik and Defendant Khalid continued to solicit Plaintiff Amin in a calculated attempt to unjustly and unlawfully enrich themselves.

16.    To that end, in early 2014, Malik and Defendant Khalid convinced Plaintiff Amin to meet with Defendant Khalid in New York City.  At that New York meeting, Defendant Khalid held himself out to be an experienced financial manager with considerable investment expertise.

17.    Defendant Khalid proceeded to provide professional investment advice to Plaintiff Amin and expressly recommended investing in a medical clinic as a sound financial strategy for Plaintiff Amin.

18.    In approximately April 2014, Malik and Defendant Khalid solicited Plaintiff Amin to invest in a purported "business partnership" in which *"Omear will be CEO and Asif will also be an active member when required whereas Adnan will be passive with no managerial or active responsibility."*

19.    In a series of emails and conference calls during the spring and summer of 2014, Malik and Defendant Khalid pressured Plaintiff Amin (1) to commit to a minimum investment of at least $300,000, (2) to provide approximately $200,000 in cash directly to Malik and Defendant Khalid, and (3) to raise an additional $800,000 to $1,000,000 by taking out a commercial loan.

COMPLAINT AND JURY DEMAND - 5

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

20. Plaintiff Amin rejected Malik and Defendant Khalid's investment proposal at that time.

21. By 2015, Plaintiffs Amin and Naseer agreed with one another to seek out joint investment opportunities.

22. In reliance on Malik and Defendant Khalid's previous express misrepresentations concerning Defendant Khalid's purported professional investment and management expertise, as well as their misrepresentations regarding Malik's successful business endeavors, Plaintiffs Amin and Naseer contacted Malik and/or Defendant Khalid in June 2015 to discuss jointly opening and operating an urgent care medical clinic.

23. Instead, Malik and Defendant Khalid solicited Plaintiff Amin and Plaintiff Naseer to each invest $100,000 to capitalize a purported joint venture with Malik and Defendant Khalid to open a primary care medical clinic in Sequim, Washington (the "Sequim Clinic") that would be managed and operated by Malik and Defendant Khalid.

24. To convince Plaintiffs Amin and Naseer to invest in their proposed joint venture, Malik and Defendant Khalid:

    a. Falsely claimed to own and operate multiple successful primary care medical clinics, including a clinic in Silverdale, Washington (the "Silverdale Clinic");

    b. Offered Plaintiffs Amin and Naseer a combined 50 percent of the net profits from the purported joint venture as a return on Plaintiffs' investment;

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

c. Agreed to set up, operate, and manage the proposed Sequim Clinic through Malik and Defendant Khalid's previously-organized company, Defendant Cascade Health;

d. Agreed to assume all the risk of the business;

e. Encouraged Plaintiffs Amin and Naseer to participate in the joint venture through a to-be-formed professional limited liability company (Plaintiff N&A, PLLC); and

f. Agreed to set up Plaintiff Amin and Plaintiff Naseer's new PLLC by filing articles of organization with the Washington Secretary of State, securing business licenses, and obtaining a federal tax identification number.

25. Upon information and belief, Malik and Defendant Khalid knew at the time of these misrepresentations that their medical clinics, including the Silverdale Clinic, were losing money and that they were experiencing significant financial difficulties. Yet, Malik and Defendant Khalid intentionally failed to disclose these facts to Plaintiff Amin and Plaintiff Naseer.

26. In approximately September 2015, Plaintiff Amin travelled from Spokane, Washington, and Plaintiff Naseer travelled from Fargo, North Dakota to Silverdale, Washington to meet with Malik and Defendant Khalid and to tour the Silverdale Clinic.

27. During that meeting, Malik and Defendant Khalid (1) emphasized Defendant Khalid's prior employment with Goldman Sachs; (2) falsely asserted that Defendant Khalid was a licensed financial consultant in New York; (3) grossly exaggerated Defendant Khalid's management ability and experience; and (4) continued to misrepresent the actual condition of Malik and Defendant Khalid's business

COMPLAINT AND JURY DEMAND - 7

DUNN&BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

operations; all in a calculated effort to induce Plaintiffs Amin and Naseer to accept Malik and Defendant Khalid's joint venture proposal and to deceive and induce Plaintiffs Amin and Naseer into investing $200,000 with Malik and Defendant Khalid.

28.    In approximately January 2016, in furtherance of their unlawful conspiracy, Malik and Defendant Khalid introduced their associate and co-conspirator Attorney Defendant Lebwohl to Plaintiffs Amin and Naseer.

29.    At that time, Malik and Defendant Khalid claimed that Defendant Lebwohl was an experienced corporate attorney who had agreed to work with Malik and Defendant Khalid for no salary because Defendant Lebwohl wanted to be involved in a successful, private financing venture to enhance his consulting opportunities.

30.    Upon information and belief, and in breach of Malik and Defendants' previous representations, promises, and assertions concerning Defendant Lebwohl, Malik and Defendant Khalid paid more than $42,000 to Defendant Lebwohl during 2016 for his activities and conduct as a co-conspirator to defraud Plaintiffs.

31.    Additionally, Defendant Lebwohl was not then and is not now an active member in good standing of the Washington State Bar Association.

32.    On or about January 18, 2016, Defendant Khalid provided to Plaintiff Amin and Plaintiff Naseer a draft "Joint Venture Agreement" (the "JV Agreement") prepared by Defendant Lebwohl, expressly representing to Plaintiff Amin and Plaintiff Naseer that (1) *"You will invest $200,000.00"* through a to-be formed professional

COMPLAINT AND JURY DEMAND - 8

DUNN&BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

limited liability company; (2) *"We will each own 50% of the equity in the clinic;"* (3) *"Cascade will be liable for any startup costs in excess of $200,000.000;"* (4) *"You will not be liable for any losses resulting from medical malpractice or the gross negligence or intentional misconduct of management;"* and (5) *"We are happy to establish the appropriate PLLC entity on your behalf."*

33.　Defendant Khalid emphasized that *"[t]he first $20,000 will be due immediately upon signature...."*

34.　On or about January 20, 2016, Malik and Defendants Khalid and Lebwohl (1) provided to Plaintiffs Amin and Naseer a "Letter of Intent" previously prepared by Defendant Lebwohl; and (2) expressly directed Plaintiffs Amin and Naseer to transfer monies out of Plaintiffs' respective bank accounts into Malik and Defendants' Wells Fargo Bank Account (the "Wells Fargo Account"), *"pursuant to the wiring instructions attached hereto,"* all in furtherance of their scheme to fraudulently obtain funds from Plaintiffs Amin and Naseer's bank accounts.

35.　That same day, and in reliance on Malik and Defendants Khalid and Lebwohl's deceptions and false representations, promises, and assertions, Plaintiffs Amin and Naseer did in fact execute the "Letter of Intent" previously prepared by Defendant Lebwohl.

36.　On or about January 22, 2016, Plaintiff Amin provided Malik and Defendants Khalid, Lebwohl, and Cascade Health with $10,000 of his promised

COMPLAINT AND JURY DEMAND - 9

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

$100,000 contribution by wire transfer from Amin's Washington Trust Bank account directly into Malik and Defendants' Wells Fargo Account, all pursuant to Malik and Defendants' "wiring instructions" contained in the "Letter of Intent."

37.     That same day, Plaintiff Naseer provided Malik and Defendants Khalid, Lebwohl, and Cascade Health with $10,000 of his promised $100,000 contribution by wire transfer from Naseer's Wells Fargo Bank account directly into Malik and Defendants' Wells Fargo Account, all pursuant to Malik and Defendants' "wiring instructions" contained in the "Letter of Intent."

38.     On or about February 3, 2016, Plaintiff Amin paid an additional $50,000 by check from Amin's SunTrust Bank account to Malik and Defendants.

39.     On or about February 23, 2016, Plaintiff Naseer paid an additional $50,000 by wire transfer from Naseer's Wells Fargo Bank account into Malik and Defendants' Wells Fargo Account.

40.     In approximately March 2016, in furtherance of their unlawful fraudulent conspiracy, Malik and Defendants provided to Plaintiffs Amin and Naseer a purported "Sequim Clinic Rollout Overview" as well as a purported "Rollout Budget," all previously prepared by Defendant Khalid.

41.     On or about April 5, 2016, Plaintiff Amin provided Malik and Defendants with an additional $40,000 by check from Amin's Washington Trust Bank account, thus fulfilling his $100,000 investment commitment.

COMPLAINT AND JURY DEMAND - 10

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

42.   The following day, April 6, 2016, Defendant Khalid, purportedly as and on behalf of Defendant Cascade Health executed the "JV Agreement" previously prepared by Defendant Lebwohl.

43.   That same day, in reliance on Malik and Defendants Khalid and Lebwohl's deceptions and false representations, assertions, and promises, Plaintiffs Amin and Naseer executed the "JV Agreement" previously prepared by Defendant Lebwohl.

44.   The "JV Agreement" previously prepared by Defendant Lebwohl expressly provided that:

- *"[T]he legal title to the Joint Venture property and assets, including the Joint Venture itself, shall remain in the name of the Joint Venture;"*

- *"The Joint Venture shall not engage in any other business or activity without the written consent of the Joint Venturers;"*

- *"Cascade Health Services PLLC shall make such other capital contributions required to enable the Joint Venture to carry out its purposes;"*

- *"Cascade Health Services PLLC shall arrange for or provide any financing as may be required by the Joint Venture for carrying out the purposes of the Joint Venture;"*

- *"All losses and disbursements in acquiring the Joint Venture in excess of the Initial Contributions shall be paid by Cascade Health Services PLLC;"* and

- *"The duties of Naseer and Amin PLLC are: Contribute start-up capital for the Joint Venture."*

COMPLAINT AND JURY DEMAND - 11

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

45. Additionally, the "JV Agreement" previously prepared by Defendant Lebwohl explicitly required Malik and Defendants to "*Set up and operate the Joint Venture,*" and provided Plaintiffs Amin and Naseer with no ability to exercise practical and actual control over the managerial decisions of the joint venture.

46. On or about April 12, 2016, Defendants Khalid and/or Lebwohl, along with Malik, all of whom are non-lawyers under Washington law, organized Plaintiff N&A, PLLC by filing a certificate of organization with the Washington Secretary of State. However, in breach of their promises and representations, Malik and Defendants Khalid and Lebwohl failed or refused to timely file Plaintiff N&A, PLLC's Initial Report, obtain necessary business licenses, or acquire a federal tax identification number.

47. On or about April 18, 2016, in furtherance of Malik and Defendants' unlawful deceptive conspiracy, and with the intent to injure or defraud Plaintiffs Amin and Naseer, Defendant Khalid falsely made, completed, or altered certain medical equipment finance agreements and/or personal guarantees by signing those written instruments on behalf of Plaintiffs Amin and Naseer without Plaintiffs' knowledge or consent.

48. Subsequently, Malik and Defendants applied for, and did in fact obtain commercial credit from EverBank Commercial Finance, Inc. ("EverBank") in excess of $75,000 by submitting those fraudulently executed written finance agreements and/or

COMPLAINT AND JURY DEMAND - 12

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

personal guarantees which Defendant Khalid knew to be forged, all with the intent to injure or defraud Plaintiffs Amin and Naseer and in furtherance of Malik and Defendants' unlawful conspiratorial scheme to obtain money and/or credit by means of false or fraudulent pretenses.

49.    On or about April 30, 2016, Plaintiff Naseer tendered an additional $40,000 by wire transfer from Naseer's Wells Fargo Bank account to Malik and Defendants' Wells Fargo Account, thereby fulfilling his $100,000 investment commitment.

50.    In breach of Malik and Defendants' previous representations, promises, and assertions concerning the purpose of Plaintiffs' "investment" funds, Malik and Defendants wrongfully transferred and/or withdrew Plaintiffs' $200,000 in "investment" monies from Malik and Defendants' Wells Fargo Account and used those funds to pay certain personal and business expenses unrelated to the purported "Joint Venture," all without Plaintiffs' knowledge or consent.

51.    Also in April 2016, Malik and Defendant Khalid solicited Plaintiff Amin and Plaintiff Naseer to invest in a "second clinic" to be managed by Malik and the Defendants, to finance the relocation of Malik and Defendant Khalid's existing Silverdale Clinic, and to personally guarantee a commercial loan in the amount of approximately $500,000 to accomplish the above.

DUNN&BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

52.     In reliance on Malik and Defendants' deceptions and false representations, promises, and assertions regarding the purpose of the loan, as well as Malik and Defendants' prior misrepresentations and omissions concerning the purported success of the Silverdale Clinic, Plaintiff Amin and Plaintiff Naseer agreed to personally guarantee repayment of a commercial loan from Bankers Healthcare Group LLC ("BHG").

53.     On or about May 5, 2016, Plaintiff Amin and Plaintiff Naseer did in fact execute loan documents and personal guarantees related to a commercial loan from BHG (the "BHG Loan") in the principal amount of $549,245, with a total repayment obligation in excess of $814,000.

54.     On or about May 9, 2016, BHG wire transferred $498,857.43 directly into Malik and Defendants' Wells Fargo Account.   As of December 31, 2016, the outstanding balance on the BHG Loan was in excess of $431,000.

55.     As of the date of the May 9, 2016 wire transfer, there was no second clinic to invest in, and the Silverdale Clinic was not relocated as misrepresented by Malik and the Defendants.

56.     Having fraudulently obtained approximately three-quarters of a million dollars in cash and personally-guaranteed loans from Plaintiff Amin and Plaintiff Naseer, Malik and Defendants Khalid and Lebwohl nevertheless continued to solicit Plaintiffs Amin and Naseer for additional "investment" funds.

COMPLAINT AND JURY DEMAND - 14

DUNN&BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

57. In approximately May 2016, Malik and Defendant Khalid solicited Plaintiffs Amin and Naseer to purchase certain real property in Port Townsend, Washington (the "Kala Building").

58. Plaintiff Amin and Plaintiff Naseer rejected that offer and refused to contribute any funds, capital, or credit toward the purchase of the Kala Building.

59. However, on June 17, 2016, Defendant Khalid, purportedly as a "Member" of Defendant Cascade Health, purchased the Kala Building for $360,000.

60. In breach of Malik and Defendants' previous representations, promises, and assertions concerning the purpose of the BHG Loan, and despite the fact Malik and Defendants received $250,000 in funding specifically earmarked to open a "second clinic" with Plaintiffs Amin and Naseer, in June 2016, Malik and Defendant Khalid (1) abruptly refused to proceed with the agreed-upon "second clinic" with Plaintiffs Amin and Naseer at that time; (2) unilaterally announced that they (Malik and Defendant Khalid) no longer intended to move the Silverdale Clinic; and (3) improperly and without Plaintiffs' authorization or consent transferred or withdrew from Malik and Defendants' Wells Fargo Account certain BHG Loan proceeds to fund the $25,000 down payment on the Kala Building and to pay certain personal and additional business expenses unrelated to the purported "Joint Venture."

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

61. Instead, Malik and Defendant Khalid continued to fraudulently deceive Plaintiffs Amin and Naseer regarding Malik and Defendants Khalid and Lebwohl's gross mismanagement and unlawful misappropriation of funds.

62. On or about August 31, 2016, in furtherance of Malik and Defendants' unlawful deceptive conspiracy, and with the intent to injure or defraud Plaintiffs Amin and Naseer, Defendant Khalid falsely made, completed, or altered certain medical equipment finance agreements and/or personal guarantees by signing those written instruments on behalf of Plaintiffs Amin and Naseer without the Plaintiffs' knowledge or consent.

63. Subsequently, Malik and Defendants applied for and did in fact obtain commercial credit from EverBank in excess of $30,000 by submitting those fraudulently executed, written finance agreements and/or personal guarantees which Defendant Khalid knew to be forged, all with the intent to injure or defraud Plaintiffs Amin and Naseer and in furtherance of Malik and Defendants' unlawful conspiratorial scheme to obtain money and/or credit by means of false or fraudulent pretenses.

64. In approximately September 2016, Malik and Defendant Khalid informed Plaintiffs Amin and Naseer for the first time of purported serious cash shortfalls at the Sequim Clinic, as well as Malik and Defendant Khalid's separate medical clinics.

65. In furtherance of their unlawful conspiracy to defraud Plaintiffs Amin and Naseer, Malik and Defendants Khalid and Lebwohl failed or refused to accept any

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

responsibility for the purported dire state of affairs of the investments and instead blamed a medical billing company, Medigain, for the revenue shortfall.

66.     In a calculated effort to conceal their concerted and concentrated unlawful and fraudulent misconduct, Malik and Defendants Khalid and Lebwohl: (1) rejected Plaintiff Amin's proposal to hire an outside professional medical management consulting firm; (2) falsely assured Plaintiffs Amin and Naseer that all of the medical clinics were performing well, were hiring more staff and treating a high volume of patients; (3) intentionally misrepresented that revenue would increase in late November or December 2016; and (4) proposed legal proceedings against Medigain and falsely asserted that Defendant Lebwohl had arranged for a litigation firm in New York to provide contingent fee representation.

67.     In early October 2016, Malik and Defendants Khalid and Lebwohl renewed efforts to induce Plaintiffs Amin and Naseer to invest additional capital in Defendants' scheme. At that time, Plaintiffs Amin and Naseer refused to invest more money with Malik and the Defendants.

68.     However, Plaintiff Amin offered to "loan" additional funds to Malik and Defendants Khalid and Lebwohl. Defendants rejected that offer.

69.     Instead, in a series of emails, text messages, and telephone calls, Malik and Defendants Khalid and Lebwohl pressured Plaintiff Amin to continue investing in

COMPLAINT AND JURY DEMAND - 17

DUNN & BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 ♦ FAX: (509) 455-8734

their enterprise and eventually offered to give Plaintiff Amin a future right or privilege to convert his "loan" into an equity interest in Defendant Cascade Health.

70.     In reliance on Malik and Defendants Khalid and Lebwohl's representations, Plaintiff Amin provided an additional $100,000 by check from Amin's SunTrust Bank account in early October 2016.

71.     Subsequently, on or about November 3, 2016, Malik and Defendants Khalid and Lebwohl presented to Plaintiff Amin a written "Promissory Note" prepared by Defendant Lebwohl that expressly provided: *"At any time prior to the Due Date, Lender may elect to convert this debt into an equity interest in Borrower...."*

72.     One month later, on approximately November 7, 2016, Plaintiff Amin provided an additional "loan" in the amount of $30,000 by check from Amin's SunTrust Bank account.

73.     Despite the fact that Plaintiff Amin infused $130,000 to cover Malik and Defendant Khalid and Lebwohl's purported operational expenses, in late November 2016, Defendant Lebwohl solicited Plaintiff Amin to invest another $15,000.

74.     At that time, Plaintiff Amin offered to provide $7,500, on the condition that Malik personally contribute a matching amount.

75.     In reliance on Malik and Defendants Khalid and Lebwohl's representations, assertions, and promises that Malik would provide $7,500 in matching

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

funds, Plaintiff Amin did in fact send $7,500 by check from Amin's SunTrust Bank account to Malik and Defendants on or about November 21, 2016.

76.     In a series of emails, text messages, and telephone calls during November and December 2016, Plaintiff Amin repeatedly and specifically asked Defendants Khalid and Lebwohl whether the medical clinic business would "*go belly up.*"

77.     Defendant Lebwohl unequivocally responded that there was "*no chance of this happening*" purportedly because "*the Silverdale Clinic is doing fine,*" a response they absolutely knew was absolutely false and in furtherance of their fraudulent activity.

78.     In approximately November 2016, Defendant Lebwohl misrepresented to Plaintiff Amin that the business had become "*operationally profitable,*" which Malik and Defendants Khalid and Lebwohl knew at the time to be patently false.

79.     At a meeting in New York in approximately December 2016, Defendants Khalid and Lebwohl acknowledged certain remaining financial issues, while Defendant Khalid inexplicably and falsely insisted that the business was "*just about to turn the corner.*"

80.     In reality, unbeknownst to Plaintiffs Amin and Naseer, and despite the fact Plaintiffs infused almost $350,000 in cash and had personally-guaranteed loans in amounts exceeding $500,000 during 2016, by December 2016 Malik and Defendants Khalid and Lebwohl had failed or refused to pay taxes owed by Defendant Cascade Health, the Sequim Clinic, and/or their other medical clinics.

COMPLAINT AND JURY DEMAND - 19

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

81.    As a result, on or about December 20, 2016, the IRS filed a Notice of Federal Tax Lien against Defendant Cascade Health in connection with more than $146,000 in delinquent taxes.  However, Malik and Defendants Khalid and Lebwohl failed or refused to disclose the Tax Lien to Plaintiffs Amin and Naseer.

82.    On or about December 29, 2016, Defendant Khalid for the first time informed Plaintiff Amin during a private telephone call that the business was in such dire financial straits that bankruptcy was to be considered.

83.    After repeated misrepresentations, half-truths, and outright fraud and deception by Malik and Defendants Khalid and Lebwohl, Plaintiff Amin was shocked to discover the truth about his investment.  Incredibly, when Plaintiff Amin thereafter confronted Malik, his trusted medical school friend, about Defendant Khalid's December 29, 2016 disclosure, Malik continued to fraudulently deny any knowledge of the revenue shortfalls of the "investments" as well as the financial misconduct of he and the Defendants.

84.    In early January 2017, Plaintiff Amin again proposed to the Defendants to hire a professional medical management consultant to address his investments.

85.    However, in a calculated effort to conceal their unlawful fraudulent conspiracy, Malik and Defendants Khalid and Lebwohl again failed or refused to hire a professional medical management consultant.

COMPLAINT AND JURY DEMAND - 20

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

86.     Subsequently, Malik and Defendants Khalid and Lebwohl demanded even more money from Plaintiffs Amin and Naseer, threatening immediate bankruptcy if Plaintiffs refused, all in furtherance of Malik and Defendants' unlawful conspiracy.

87.     In doing so, Malik and Defendants induced and fraudulently obtained an additional $5,000 from Plaintiff Amin by check from Amin's SunTrust Bank account on or about January 4, 2017 and another $5,000 from Plaintiff Naseer by wire transfer from Naseer's Wells Fargo Bank account on or about January 5, 2017.

88.     Subsequently, Plaintiff Amin requested access to the purported joint venture's business records, bank statements, tax returns, and other financial documents.

89.     To date, Malik and Defendants Khalid and Lebwohl have failed or refused to provide the requested documents.

90.     Nevertheless, Malik and Defendants Khalid and Lebwohl continued to pressure Plaintiffs Amin and Naseer for additional contributions of money.

91.     On or about January 23, 2017, Defendant Khalid abruptly notified Plaintiffs Amin and Naseer by email that "*we will halt operations at two of our three clinics effective today....*"

92.     In addition, Defendant Khalid (1) misrepresented that "*we had successfully implemented an operational turnaround;*" (2) falsely claimed that "*continuing debts from earlier in 2016, combined with the massive hit to our cash reserves caused by Medigain, resulted in our inability to make ordinary payments*

COMPLAINT AND JURY DEMAND - 21

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

*without continuing capital infusions;"* and (3) inexplicably expressed *"regret that we could not convince you to help us through this period."* These email communications were all made in an effort to misdirect Plaintiffs Amin and Naseer from discovering the true scope and extent of Malik and Defendants Khalid and Lebwohl's fraudulent and unlawful misconduct.

93. Two days later, on or about January 25, 2017, Defendant Lebwohl explicitly threatened by text message and extorted Plaintiff Amin that *"We will move forward with shutting down the clinics if we do not have a specific funding commitment by noon today. We will give patients their statutory 30 day notice and there will be no turning back."*

94. Later that day, Defendant Lebwohl notified Plaintiff Amin by text message that Defendant Khalid *"is on the phone with Amanda right now directing her to notify patients of the sequim (sic) and kala (sic) closures and discussing staff layoffs."*

95. However, Plaintiffs Amin and Naseer refused to provide any more money to Malik and Defendants Khalid and Lebwohl.

96. On or about February 1, 2017, Plaintiffs Amin and Naseer demanded a refund of their purported "investment" monies and a release from their personal guarantees on the BHG Loan.

97. Plaintiffs Amin and Naseer's tender was rejected.

COMPLAINT AND JURY DEMAND - 22

Dunn & Black
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

98.    As a direct and proximate result of Malik and Defendants Khalid, Lebwohl, and Cascade Health's wrongful and unlawful misconduct, Plaintiffs have suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

## FIRST CAUSE OF ACTION
### (Fraud)

99.    Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

100.   Defendants and Malik knowingly made certain false representations, claims, and assertions of material fact regarding or relating to:

   a. The actual condition of Defendants and Malik's business operations;

   b. Defendant Khalid's status as a licensed financial consultant in New York, managerial abilities, and professional experience;

   c. Defendant Lebwohl's agreement to work for no salary, as well as his professional qualifications;

   d. Purported misconduct by medical billing company Medigain, including Defendant Lebwohl's purported arrangement for a litigation firm in New York to provide contingent fee representation;

   e. The BHG Loan, including the purpose of the loan and the intended use of the loan proceeds; and

   f. The purported "Joint Venture," including the terms and obligations set forth in the "JV Agreement."

101.   Defendants and Malik intended that their false representations, claims, and/or assertions be acted upon by Plaintiffs.

COMPLAINT AND JURY DEMAND - 23

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

102. Plaintiffs did not know, and had no reason to know of the falsity of Defendants' representations, claims, and assertions.

103. Plaintiffs justifiably relied on Defendants and Malik's false representations, claims, and assertions.

104. As a direct and proximate result of Defendants and Malik's fraudulent misconduct, Plaintiffs have suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

## SECOND CAUSE OF ACTION
### (Washington Securities Act Violations – RCW 21.20, et seq.)

105. Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

106. Plaintiffs' cash contributions in connection with the purported "Joint Venture" and personal guarantees on the BHG Loan comprise an investment of money and other valuable consideration (1) in a common enterprise, with profits to come primarily or substantially from the efforts of Malik and Defendants Khalid and/or Lebwohl, as well as others; and/or (2) in the risk capital of a venture with the expectation of some valuable benefit to Plaintiffs Amin and Naseer, where Plaintiffs did not receive the right to exercise practical and actual control over the managerial decisions of the venture.

107. In doing so, Plaintiffs purchased a security.

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

COMPLAINT AND JURY DEMAND - 24

108.   Defendant Khalid and/or Defendant Lebwohl, alone or in combination with Malik and others, (1) directly or indirectly controlled a seller of securities, and/or (2) as partners, officers, directors, managers, and/or employees of a seller of securities, materially aided in the unlawful offer and sale of securities.

109.   Defendants and Malik solicited and did in fact obtain from Plaintiffs cash investments and personal guarantees on the BHG Loan.

110.   In doing so, Defendants and Malik offered and/or sold securities.

111.   In connection with the offer and/or sale of a security, Defendants and Malik directly or indirectly (1) employed a device, scheme, or artifice to defraud; (2) misrepresented and/or omitted material facts; and/or (3) engaged in acts of fraud and deceit upon Plaintiffs, all in violation of RCW 21.20, et seq.

112.   Defendants and Malik knowingly made misrepresentations and/or omissions of material fact regarding or relating to:

a.  The actual condition of Defendants and Malik's business operations;

b.  Defendant Khalid's status as a licensed financial consultant in New York, managerial abilities, and professional experience;

c.  Defendant Lebwohl's agreement to work for no salary, as well as his professional qualifications;

d.  Purported misconduct by medical billing company Medigain, including Defendant Lebwohl's purported arrangement for a litigation firm in New York to provide contingent fee representation;

e.  The BHG Loan, including the purpose of the loan and the intended use of the loan proceeds; and

COMPLAINT AND JURY DEMAND - 25

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

f.  The purported "Joint Venture," including the terms and obligations set forth in the "JV Agreement."

113.  Plaintiffs reasonably and justifiably relied on Defendants and Malik's misrepresentations and omissions when they invested in the purported "Joint Venture" and personally guaranteed the BHG Loan.

114.  As a direct and proximate result of Defendants and Malik's unlawful Washington Security Act violations, Plaintiffs have suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

### THIRD CAUSE OF ACTION
**(Criminal Profiteering Act Violations – RCW 9A.82, et seq.)**

115.  Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

116.  Defendants Khalid and Lebwohl, along with Malik, intentionally organized, managed, directed, supervised and/or financed three or more persons with the intent to engage in a pattern of criminal profiteering activity.

117.  Together or in association with others, Defendants Khalid and Lebwohl, along with Malik:

a.  By deception and with intent to defraud, caused Plaintiffs Amin and Naseer to execute the "Letter of Intent," the "JV Agreement," personal guarantees for the BHG Loan, and other written instruments;

b.  With intent to injure or defraud, (i) falsely made, completed, or altered, and/or (ii) offered, disposed of, or put off as true, certain written instruments which Defendants knew to be forged, including but not

COMPLAINT AND JURY DEMAND - 26

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

limited to the EverBank commercial credit applications, finance agreements, and/or personal guarantees;

c. Wrongfully obtained or exerted unauthorized control over the property or services of Plaintiff Amin and Plaintiff Naseer valued in excess of $5,000 with intent to deprive them of such property or services;

d. By color or aid of deception, obtained control over the property or services of Plaintiffs Amin and Naseer valued in excess of $5,000 with intent to deprive them of such property or services;

e. Having devised a scheme or artifice to defraud, and/or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises:

    i. Transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, certain writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, including but not limited to emails, telephone calls, and text messages, as well as the "Letter of Intent," the "JV Agreement," Plaintiffs' personal guarantees for the BHG Loan, and other written instruments; and/or

    ii. Knowingly utilized the U.S. Postal Service and/or private or commercial interstate carriers in furtherance of their unlawful fraudulent scheme;

f. Knowingly executed, or attempted to execute, a scheme or artifice (i) to defraud a financial institution; or (ii) to obtain by means of false or fraudulent pretenses, representations, or promises certain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of a financial institution, including but not limited to Wells Fargo Bank, Washington Trust Bank, and/or SunTrust Bank;

g. Conducted or attempted to conduct certain financial transactions involving the proceeds of specified unlawful activity and:

    i. Knew the property was proceeds of specified unlawful activity; or

    ii. Knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or

COMPLAINT AND JURY DEMAND - 27

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

control of the proceeds, and acted recklessly as to whether the property was proceeds of specified unlawful activity; and/or

h. Engaged in the unlawful practice of law by selecting, completing, drafting, preparing, and/or modifying form legal documents, legal instruments and contracts, and other documents by which legal rights are secured, including but not limited to the "Letter of Intent," the "JV Agreement," and the November 3, 2016 Promissory Note.

118. Defendants and Malik's acts of criminal profiteering were not isolated events, and (1) had the same or similar intent, results, accomplices, principals, victims, or methods of commission; and/or (2) were otherwise interrelated by distinguishing characteristics, including a nexus to the same enterprise.

119. Defendants Khalid and Lebwohl, along with Malik:

a. Knowingly received certain proceeds derived from a pattern of criminal profiteering activity and

b. Used or invested all or part of those proceeds, or the proceeds derived from the investment or use thereof, (i) to acquire a right, interest, or equity in, or title to certain real property, including but not limited to the Kala Building or (ii) in the establishment or operation their enterprise

120. As a direct and proximate result of Defendants and Malik's unlawful acts of criminal profiteering that were part of a pattern of criminal profiteering activity, Plaintiffs suffered injury to their person, business, or property, including damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 ● FAX: (509) 455-8734

## FOURTH CAUSE OF ACTION
### (Negligent Misrepresentation)

121. Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

122. Defendants and Malik supplied information for Plaintiffs' guidance in their business transactions that was false, including but not limited to information regarding or relating to:

  a. The actual condition of Defendants and Malik's business operations;

  b. Defendant Khalid's status as a licensed financial consultant in New York, managerial abilities, and professional experience;

  c. Defendant Lebwohl's agreement to work for no salary, as well as his professional qualifications;

  d. Purported misconduct by medical billing company Medigain, including Defendant Lebwohl's purported arrangement for a litigation firm in New York to provide contingent fee representation;

  e. The BHG Loan, including the purpose of the loan and the intended use of the loan proceeds; and

  f. The purported "Joint Venture," including the terms and obligations set forth in the "JV Agreement."

123. Defendants and Malik knew or should have known that the information was supplied to guide Plaintiffs in business transactions.

124. Defendants and Malik were negligent in obtaining or communicating the false information.

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

125.   Defendants and Malik had a duty to disclose to Plaintiffs the true condition of Defendants and Malik's business operations, as well as accurate and complete information about Defendants and Malik's professional experience and qualifications, the BHG Loan, and the purported "Joint Venture."

126.   Defendants failed to disclose this material information to Plaintiffs.

127.   Plaintiffs reasonably relied on Defendants and Malik's misrepresentations and/or omissions.

128.   As a direct and proximate result of Defendants' negligent misrepresentation and/or failure to disclose misconduct, Plaintiffs have suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

## FIFTH CAUSE OF ACTION
### (Civil Conspiracy)

129.   Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

130.   Defendants Khalid and/or Lebwohl, along with Malik, combined and conspired to fraudulently and/or unlawfully obtain hundreds of thousands of dollars in cash and personally-guaranteed loans from Plaintiffs Amin and Naseer.

131.   As a direct and proximate result of Defendants' unlawful conspiracy, Plaintiffs have suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

COMPLAINT AND JURY DEMAND - 30

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

## SIXTH CAUSE OF ACTION
### (Conversion/Misappropriation)

132. Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

133. Defendants and Malik willfully interfered with Plaintiffs' property, including but not limited to Plaintiffs' investment monies and "Joint Venture" assets and funds, as well as the BHG Loan proceeds, all without lawful justification.

134. Defendants and Malik's willful interference with Plaintiffs' property deprived Plaintiffs of possession of their property.

135. As a direct and proximate result of Defendants' conversion and/or misappropriation misconduct, Plaintiffs have suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

## SEVENTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

136. Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

137. Defendants Khalid, Lebwohl, and/or Cascade Health, along with Malik, were joint venturers with Plaintiffs, and at all times material hereto owed a fiduciary duty to Plaintiffs.

138. Defendants and Malik directly or indirectly engaged in conduct, activities, and transactions while under a duty to protect and preserve the interests of the Plaintiffs.

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

139. In violation of those duties, Defendants and Malik acquired personal advantage, benefit, and gain at the direct expense of Plaintiffs.

140. Defendants and Malik engaged in certain wrongful activities and transactions, including but not limited to:

    a. Making false and misleading statements, and intentionally and/or negligently concealing the true condition of the joint venture's business;

    b. Engaging in unauthorized expenditures and self-dealing distributions; and

    c. Denying Plaintiffs access to information.

141. As a direct and proximate result of Defendants' unlawful breach of fiduciary duties, Plaintiffs have suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

## EIGHTH CAUSE OF ACTION
### (Breach of Contract)

142. Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

143. Plaintiffs entered into certain written and/or oral contracts and agreements with Defendants, along with Malik.

144. Plaintiffs performed all of their obligations under these contracts.

145. Defendants and Malik have breached the express and/or implied obligations of these contracts.

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

146. As a direct and proximate result of Defendants' breach of contract conduct, Plaintiffs have suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

### NINTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

147. Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

148. Implied by law into the terms of the written and oral agreements is a covenant of good faith and fair dealing.

149. Defendants and Malik failed to exercise honest judgment in their conduct with Plaintiffs and breached this covenant of good faith and fair dealing by:

    a. Making false and misleading statements, and intentionally and/or negligently concealing the true condition of the joint venture's business;

    b. Engaging in unauthorized expenditures and self-dealing distributions; and

    c. Denying Plaintiffs access to information.

150. As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

### TENTH CAUSE OF ACTION
### (Unjust Enrichment)

151. Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

COMPLAINT AND JURY DEMAND - 33

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

152.   Plaintiffs conferred a benefit on Defendants by providing hundreds of thousands of dollars in cash and personally-guaranteed loans.

153.   Defendants are and at all times material hereto have been aware that they received hundreds of thousands of dollars in cash and personally-guaranteed loans.

154.   Defendants have accepted and retained hundreds of thousands of dollars in cash and personally-guaranteed loans under circumstances that make it inequitable for Defendants to retain the benefit without paying its value.

155.   As a direct and proximate result of Defendants' unlawful, wrongful conduct, Plaintiffs have suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

### ELEVENTH CAUSE OF ACTION
### (Constructive Trust)

156.   Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

157.   Defendants and Malik, through actual or constructive fraud, misrepresentations, concealments, and other deceptive unlawful misconduct obtained cash and other valuable consideration from Plaintiffs.

158.   In equity and good conscience, Defendants should not be permitted to retain the cash and other valuable consideration they obtained from Plaintiffs.

COMPLAINT AND JURY DEMAND - 34

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

159. To prevent the unjust enrichment of Defendants, Plaintiffs are entitled to the imposition of a constructive trust upon the cash and other valuable consideration they obtained from Plaintiffs.

## TWELFTH CAUSE OF ACTION
### (Consumer Protection Act Violations – RCW 19.86)

160. Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

161. Defendants engaged in unfair and deceptive practices in violation of Washington's Consumer Protection Act, RCW 19.86, et seq. Defendants' unfair and deceptive practices include but are not limited to making false and misleading statements and intentionally and/or negligently concealing the true condition of the joint venture's business.

162. Defendants' conduct is unlawful, unfair, and deceptive, and Defendants' conduct has the capacity to deceive a substantial portion of the public.

163. As a direct and proximate result of Defendants' unlawful, wrongful conduct, Plaintiffs have suffered damages in amounts to be proven at trial, plus interest, costs, and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendants, jointly and severally, as follows:

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

COMPLAINT AND JURY DEMAND - 35

1. For an Order imposing a constructive trust upon the cash and other valuable consideration Defendants fraudulently obtained from Plaintiffs;

2. For a full accounting;

3. For such pre-judgment and post-judgment orders and actions as the Court deems proper to prevent, restrain, and remedy Defendants and Malik's pattern of criminal profiteering and/or violations of Washington's Criminal Profiteering Act, RCW 9A.82, et seq.

4. For judgment in Plaintiffs' favor in such amounts as are proven at trial;

5. For triple damages pursuant to RCW 9A.82.100 and/or RCW 19.86.090;

6. For an order imposing a civil penalty not exceeding $250,000 pursuant to RCW 9A.82.100;

7. For pre-judgment and post-judgment interest as allowed by law;

8. For attorney fees and costs allowed by contract, equity, or law, including but not limited to RCW 20.21.430, RCW 9A.82.100, and/or RCW 19.86.090; and

9. For such other and further relief as the court finds proper and equitable.

//

//

//

//

//

COMPLAINT AND JURY DEMAND - 36

DUNN & BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

**JURY DEMAND**

Plaintiffs request this matter be tried to a jury.

DATED this 17 day of March, 2017.

DUNN & BLACK, P.S.

ROBERT A. DUNN, WSBA #12089
BIL G. CHILDRESS, WSBA #45203
Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COMPLAINT AND JURY DEMAND - 37

DUNN & BLACK
LAWYERS
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734